UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

EMMETT T. CLAYTON, : CASE NO. 1:20-cv-00553
:
    Plaintiff, : OPINION & ORDER
: [Resolving Docs. 1; 19]
v. :
:
COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant. :

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Emmett T. Clayton seeks judicial review of the Social Security Commissioner's final decision denying Plaintiff's application for supplemental security income disability benefits.[1] Plaintiff Clayton alternatively asks this Court to remand to the Administrative Law Judge because of additional Plaintiff's condition evidence that the ALJ did not consider.[2] Magistrate Judge David A. Ruiz filed a Report and Recommendation, recommending the Court affirm the Commissioner's decision and deny Plaintiff's motion to supplement and remand.[3] Plaintiff Clayton objects.[4] The Commissioner responds.[5]

For the following reasons, the Court **SUSTAINS** Plaintiff's objections in part, **DECLINES TO ADOPT** Magistrate Judge Ruiz's Report and Recommendation and **GRANTS** Plaintiff's motion to remand for further proceedings under 42 U.S.C. § 405(g), Sentence Six.

---

[1] Doc. 1.
[2] Doc. 19.
[3] Doc. 22. *See* Local Rule 72.2(b).
[4] Doc. 23.
[5] Doc. 24.

Case No. 1:20-cv-00553
GWIN, J.

I. Background

In July 2017, Plaintiff Emmett T. Clayton applied for supplemental security income disability benefits due to his multiple myeloma diagnosis.[6] The Social Security Administration denied Clayton's application initially and on reconsideration.[7]

Clayton requested a hearing before a Social Security Administrative Law Judge ("ALJ").[8] On December 10, 2018, an ALJ held a hearing on Clayton's case.[9] On February 26, 2019, the ALJ found Clayton was not disabled and denied Clayton's claim.[10] The Appeals Council declined to further review Clayton's case.[11] The ALJ's decision is the Social Security Commissioner's final decision.

On March 12, 2020, Clayton filed this case seeking judicial review of the Commissioner's final decision.[12] In his merits brief, Plaintiff asserted that (1) the ALJ erred in concluding that Plaintiff did not meet or equal Listing 13.07, (2) the ALJ mischaracterized Plaintiff's residual functional capacity, (3) the Appeals Council should have remanded the case based on supplemental medical records[13], and (4) this Court should remand this matter based on medical records pertaining to April 2019 through September 2020.[14] Defendant Commissioner filed a responding merits brief and opposition to the motion to remand.[15]

---

[6] Doc. 11 at 353. For consistency, this opinion cites to the PDF page number of the relevant document.
[7] *Id.* at 307, 310, 313.
[8] *Id.* at 315.
[9] *Id.* at 235.
[10] *Id.* at 230.
[11] *Id.* at 5.
[12] Doc. 1.
[13] This Court does not review the Appeals Council decision, but rather determines whether to remand this matter pursuant to 42 U.S.C. § 405(g), Sentence Six based on the supplemental medical records presented to the Council.
[14] Doc. 13; Doc. 19; 42 U.S.C. § 405(g).
[15] Doc. 16; Doc. 21.

- 2 -

Case No. 1:20-cv-00553
GWIN, J.

On August 3, 2021, Magistrate Judge Ruiz issued a Report and Recommendation, recommending the Court affirm the Commissioner's final decision denying Plaintiff's application and deny Plaintiff's motion to remand.[16] Magistrate Judge Ruiz found that the ALJ applied the proper legal standards and reached a decision supported by substantial evidence.[17] Magistrate Judge Ruiz further found that neither the evidence Plaintiff presented to the Appeals Council, nor the evidence after April 2019, justified remand.[18]

On August 17, 2021, Plaintiff Clayton objected to Magistrate Judge Ruiz's Report and Recommendation.[19] With his objections, Plaintiff Clayton disputes Magistrate Judge Ruiz's findings that the ALJ did not err in denying Plaintiff's application and that the evidence Plaintiff presented did not warrant remand.[20]

Defendant Commissioner responded to Plaintiff's objections.[21]

## II. Legal Standard

The Court reviews *de novo* the objected-to portions of a Magistrate Judge's Report and Recommendation.[22]

The court will not uphold the Commissioner's decision where the Social Security Administration "fail[ed] to follow its own regulation and where the error prejudices a claimant on the merits or deprives the claimant of a substantial right."[23]

A court may remand a case for the Commissioner to consider newly discovered evidence under 42 U.S.C. § 405(g), Sentence Six. For remand, the claimant must show that

---

[16] Doc. 22.
[17] *Id.* at 15–25.
[18] *Id.* at 12–15.
[19] Doc. 23.
[20] *Id.* at 5–10.
[21] Doc. 24.
[22] 28 U.S.C. § 636(b)(1).
[23] *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

- 3 -

Case No. 1:20-cv-00553
GWIN, J.

evidence is "new" and "material," and that there was "good cause" for failing to present it during the administrative proceeding.[24] Evidence is new only if did not exist or was not available to the claimant at the time of the administrative proceeding.[25] Evidence is material if it reflected upon the claimant's condition during the relevant period and there is a reasonable probability that it would change the administrative result.[26] A claimant shows good cause by demonstrating a reasonable justification for failing to acquire and present the evidence for inclusion in the hearing before the ALJ.[27]

### III. Discussion

#### A. Plaintiff's Motion to Remand

Plaintiff Clayton moves the Court to remand this matter based on medical records pertaining to April 2019 through September 2020 that show a change in his cancerous condition.[28] The Commissioner opposed this motion.[29]

For remand, the claimant must show that evidence is "new" and "material," and that there was "good cause" for failing to present it.[30]

The medical records Plaintiff Clayton presents pertain to April 2019 through September 2020.[31] These records did not exist at the time of the ALJ decision in February 2019 and are therefore "new".[32]

---

[24] *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).
[25] *Id.*
[26] *Jordan v. Comm'r of Soc. Sec.*, No. 1:19-CV-2392, 2020 WL 5530021, at *11 (N.D. Ohio Sept. 15, 2020).
[27] *Foster*, 279 F.3d at 357.
[28] Doc. 13; Doc. 19. *See* 42 U.S.C. § 405(g).
[29] Doc. 21.
[30] *Foster*, 279 F.3d at 357.
[31] Docs. 19-1; 19-2; 19-3; 19-4.
[32] *Foster*, 279 F.3d at 357.

Case No. 1:20-cv-00553
GWIN, J.

These medical records are material. Evidence is material if it reflected upon the claimant's condition during the relevant period and there is a reasonable probability that it would change the administrative result.[33] Evidence is not material if it is "cumulative of evidence already in the record, or if it merely shows a worsening condition after the administrative hearing."[34]

The medical records Plaintiff Clayton submits to the Court contain multiple references to a January 2019 multiple myeloma relapse and how that diagnosis impacted his cancer treatment plan.[35] In May 2019—only two months after the ALJ rendered its decision—Plaintiff Clayton's oncologist, Dr. Baidehi Maiti, outlined that plan.[36] Contrary to the Commissioner's argument, this evidence did not merely reveal a worsening in Clayton's condition that arose after the date of the ALJ's decision. Instead, this evidence was related to the progression of Clayton's multiple myeloma during the time period the ALJ considered in its decision.[37] Therefore, this evidence is probative of Clayton's condition during the time period at issue.

Further, there is a reasonable probability that these records would have changed the administrative result. The ALJ noted in its decision that multiple myeloma was considered under Listing 13.07.[38] The ALJ determined, however, that "evidence did not show the

---

[33] *Jordan*, No. 2020 WL 5530021 at *11.
[34] *Kinsley v. Berryhill*, No. 5:17CV00604, 2018 WL 3121621, at *16 (N.D. Ohio Jan. 24, 2018) (citing *Sizemore v. Sec. of Health and Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988)).
[35] *See, e.g.*, Doc. 19-1 at 6 ("Diagnoses: Multiple myeloma not having achieved remission"), 54 ("Started Revlimid maintenance following C7 (03/2018); stopped 01/2019 due to relapse . . . Due to relapse, switched to Carfilzomib.").
[36] Doc. 19-1 at 54–56.
[37] *See Harvey v. Comm'r of Soc. Sec.*, No. 16-3266, 2017 WL 4216585, at *9 (6th Cir. Mar. 6, 2017); *Pickard v. Comm'r of Soc. Sec.*, 224 F. Supp. 2d 1161, 1171–72 (W.D. Tenn. 2002) ("[G]iven the relatively short time span involved [5-7 months after the ALJ rendered his decision], it is the opinion of the undersigned that the evidence is arguably probative of Pickard's condition during the relevant time period.").
[38] Doc. 11 at 224.

- 5 -

Case No. 1:20-cv-00553
GWIN, J.

claimant failed to respond or had progressive disease following initial anticancer therapy."[39] The ALJ relied on Plaintiff Clayton's initial positive response to his anticancer therapy in reaching this decision. Therefore, there is a reasonable probability that evidence that Clayton had suffered a relapse, and that his disease had progressed, would have changed the ALJ's decision.

Additionally, the ALJ found "the claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms" during the December 2018 hearing to be "not entirely consistent with the medical evidence."[40] The medical records Plaintiff Clayton now presents, revealing that at the time of the hearing Clayton may have been suffering from an as-yet undiagnosed relapse, may have changed the ALJ's assessment of Clayton's statements.[41]

Although the fact that these records did not exist at the time of the ALJ's decision does not in itself establish "good cause" under the Sixth Circuit's strict standard, this Court finds that reasonable justification exists in this matter because the treatment and diagnosis reflected in these records took place after the ALJ issued a decision.[42] This is true even though the records deal with Clayton's condition before the ALJ's decision.

Therefore, these records warrant remand under 42 U.S.C. § 405(g), Sentence Six.

---

[39] *Id.*

[40] *Id.* at 226.

[41] *See Williams v. Comm'r of Soc. Sec.*, No. 10-13650, 2011 WL 4599625, at *4 (E.D. Mich. Oct. 4, 2011) ("During her hearing, Williams complained of symptoms consistent with the conditions that were later diagnosed. Thus, the new evidence is relevant.").

[42] *See Harvey,* 2017 WL 4216585 at *9; *Williams,* 2011 WL 4599625 at *4.

- 6 -

Case No. 1:20-cv-00553
GWIN, J.

### B. Supplemental Evidence Before the Appeals Council

Plaintiff Clayton claims that supplemental medical records presented to the Appeals Council pertaining to September 2018 through January 2019 warrant remand.[43]

When the Appeals Council considers supplemental evidence but declines to review a claimant's case on the merits, a district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision.[44] A district court can only remand the case for further administrative proceedings in light of the new evidence if the claimant meets the 42 U.S.C. § 405(g), Sentence Six standard.[45] Here, that standard is not met because Clayton could have, arguably, submitted the September 2018 to January 2019 records before the February 2019 ALJ decision.

The supplemental evidence before the Appeals Council consists of medical records from September 2018 to January 2019.[46] The ALJ issued a decision in late February 2019.[47] Because this evidence existed and was available to Clayton at the time of the administrative proceeding, it is not "new."[48]

Finally, Plaintiff Clayton has not identified reasons amounting to "good cause" for not presenting this evidence prior to the ALJ's decision.

Therefore, the September 2018 through January 2019 medical records presented to the Appeals Council do not warrant remand.

---

[43] Doc. 13 at 9. *See* Doc. 11 at 11–212.
[44] *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 695–96 (6th Cir. 1993)).
[45] *Foster*, 279 F.3d at 357.
[46] Doc. 11 at 11–212.
[47] *Id.* at 230.
[48] *Foster*, 279 F.3d at 357. Clayton submitted these records to the Appeals Council on the same day that the ALJ rendered a final decision, undermining any argument that these records were not available to Clayton at the time of the ALJ's decision.

Case No. 1:20-cv-00553
GWIN, J.

### C. Disability Determination Under Listing 13.07

Plaintiff Clayton claims the ALJ erred in concluding that Plaintiff did not meet or equal Listing 13.07.[49] In light of the remand, this Court declines to rule on the ALJ's decision.[50]

### D. Residual Functional Capacity Assessment

Plaintiff Clayton claims the ALJ mischaracterized Plaintiff's residual functional capacity.[51] In light of the remand, this Court declines to rule on the ALJ's decision.[52]

## IV. Conclusion

For the foregoing reasons, the Court **SUSTAINS** Plaintiff's objections in part, **DECLINES TO ADOPT** Magistrate Judge Ruiz's Report and Recommendation and **GRANTS** Plaintiff's motion to remand for further proceedings pursuant to 42 U.S.C. § 405(g), Sentence Six.

IT IS SO ORDERED.

Dated: September 20, 2021      *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[49] Doc. 13 at 7.
[50] *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 725 (6th Cir. 2012) (unpublished) ("When we grant a sentence-six motion, we neither affirm nor reverse the ALJ's decision, but simply remand for further fact-finding.").
[51] Doc. 13 at 8–9.
[52] *Courter*, 479 F. App'x at 725.

- 8 -