Case No. 1:20-cv-00553
Gwin, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

———————————————————
                                            :
EMMETT T. CLAYTON,     :     CASE NO. 1:20-cv-00553
                                            :
    Plaintiff,                        :     ORDER
                                            :
v.                                       :
                                            :
COMMISSIONER OF SOCIAL :
SECURITY,                          :
                                            :
    Defendant.                   :
———————————————————   :

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 20, 2021, the Court remanded this Social Security case for further administrative proceedings under sentence six.[1] At the same time, the Court entered judgment.[2]

Those further administrative proceedings are now done, and the Commissioner of Social Security has issued a fully favorable decision for Plaintiff Emmett Clayton.[3] The Commissioner moves to reopen this case, affirm his decision, and enter judgment.[4]

"[A] district court retains jurisdiction when remanding a social security claimant's case pursuant to sentence six."[5] In sentence six cases, the Commissioner must "return[] to court" "after the post[-]remand proceedings are completed" and file any new decision with that court.[6] That court then has the power to review the new decision "to the extent provided

---

[1] Doc. 25.
[2] Doc. 26.
[3] Doc. 30.
[4] Id.
[5] Marshall v. Comm'r of Soc. Sec., 444 F.3d 837, 841 (6th Cir. 2006).
[6] Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); see also 42 U.S.C. § 405(g) (sentence six) (requiring the Commissioner to "file with the court any such additional and modified findings of fact and decision" following post-remand proceedings).

-1-

Case No. 1:20-cv-00553
Gwin, J.

for review of the original [decision]."[7] As such, a sentence six remand does not result in final judgment.

That being the case, the Court should not have entered judgment when it granted a sentence six remand. Construing the Commissioner's motion to reopen as a motion to vacate the judgment under Rule 60(b)(6), the Court **GRANTS** that motion and **VACATES** the September 20, 2021 judgment.

Next, the Court exercises its power to review the Commissioner's new, fully favorable decision. The Commissioner asks the Court to affirm the new decision. Plaintiff Clayton has not opposed or otherwise responded. So, the Court **AFFIRMS** the new decision. The Court will separately enter a new judgment reflecting this affirmance.

IT IS SO ORDERED.

Dated: May 20, 2025

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[7] 42 U.S.C. § 405(g).

-2-